## CIVIL MINUTES - GENERAL

| Case No. | EDCV 17-01826 AG (KKx) | Date | November 7, 2017 |
|---|---|---|---|
| Title | EDWARD ANDRADE v. NATURE'S BEST ET AL. | | |

Present: The Honorable    ANDREW J. GUILFORD

| Lisa Bredahl | Not Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

**Proceedings:**      **[IN CHAMBERS] ORDER GRANTING MOTION TO REMAND**

This putative wage and hour class action lawsuit, based exclusively on California law, arrived in federal court because Defendants KeHE Distributors and Nature's Best removed the case under the Class Action Fairness Act of 2005, or "CAFA." Plaintiff Edward Andrade chose to file this lawsuit in California state court. This was over two years before Defendants' notice of removal. Plaintiff now moves to remand.

CAFA has made it much easier for defendants to remove class actions to federal court. It requires only minimal diversity, contemplates the amount in controversy at the scale of the whole class, and eliminates the one-year limit on removals. Perhaps the only modest inconvenience it leaves on defendants is the burden of showing they can satisfy CAFA's very limited requirements when challenged. And the Court only asks that papers and evidence be timely filed so the Court can make an efficient decision about denying Plaintiff his chosen forum.

Here, as noted, Plaintiff's motion to remand came nearly two and a half years after the case was filed. By then, Defendants had or should have had access to enough evidence to meet their burden on a motion to remand. Yet after thoroughly reviewing the parties' filings, the Court found Defendants failed to meet their burden. On Friday, November 3, 2017, the Court issued a tentative to help the parties prepare for oral argument. The Court now sees no

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 17-01826 AG (KKx) | Date | November 7, 2017 |
|----------|------------------------|------|------------------|
| Title | EDWARD ANDRADE v. NATURE'S BEST ET AL. | | |

reason to change its conclusion in the tentative.

The Court GRANTS Plaintiff's motion to remand. (Dkt. No. 11.)

## 1. PRELIMINARY MATTER

The Court held a hearing on this motion on November 6, 2017. Defendants filed supplemental evidence on Sunday, November 5, 2017 at 3:50 PM. (Dkt. No. 19.) Under Local Rule 7-9, papers and evidence in opposition to a motion must be submitted "not later than [21] days before the date designated for the hearing of the motion." Since Defendants' evidence was untimely, and since Defendants didn't request the Court's leave to file anything in response to Plaintiff's reply, the Court declines to consider Defendants' supplemental evidence. *See* C.D. Cal. L.R. 7-9, 7-10, 7-12.

## 2. BRIEF BACKGROUND

Plaintiff allegedly worked for Defendant Nature's Best as an hourly-paid, non-exempt employee, from June 2013 to September 2013. On June 19, 2015, Plaintiff filed a putative wage and hour class action against Nature's Best, and certain unknown defendants referred to as "Does," in the San Bernardino Superior Court. The complaint defines the proposed class as, "All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time [since June 2011.]" (Compl., Dkt. No. 5-2 ¶ 13.)

The complaint purportedly alleges that Defendants violated the California Labor Code provisions on overtime and minimum wage, meal and rest breaks, timely payment of wages and payment of wages upon termination, wage statements and payroll records, reimbursement of business expenses, as well as California's Unfair Competition Law (or "UCL"), Cal. Bus. Prof. Code § 17200 et seq. The complaint also purportedly alleges that Defendants had a policy of violating the California Labor Code regarding his first four claims regarding failure to pay all hours worked and to provide legally required breaks. (Compl., Dkt. No. 5-2 ¶¶ 16(b), 25, 37–38.)

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 17-01826 AG (KKx) | Date | November 7, 2017 |
|----------|------------------------|------|------------------|
| Title | EDWARD ANDRADE v. NATURE'S BEST ET AL. | | |

On August 11, 2017, Plaintiff amended his complaint to include KeHE Distributors, which apparently acquired Nature's Best in 2014. A few weeks later, Defendants removed this case to federal court. Their notice of removal was accompanied by a declaration signed by KeHE's general counsel, Justin Mallot. (Dkt. No. 1-1.) His declaration included, among other things, the supposed number of non-exempt employees Defendants employed during the class period. (*Id.* at ¶ 4.) When Defendants filed their opposition to the pending motion, they included a supplemental declaration of Justin Mallot. (Dkt. No. 12-1.) That declaration purported to provide some more information and to correct the statements made in Mallot's previous declaration. (*Id.*) The numbers in Mallot's declarations form the basis of Defendants' calculations about the amount in controversy here.

## 3. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "Nothing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal citation omitted). The Constitution provides, in Article III, § 2, that "[t]he judicial Power [of the United States] shall extend . . . to all Cases . . . arising under this Constitution, the Laws of the United States . . . [or] between Citizens of different States."

With the Class Action Fairness Act of 2005, or "CAFA," Congress has authorized district courts to exercise jurisdiction over class actions where there are at least 100 class members, where any plaintiff is diverse in citizenship from any defendant, and where the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d). A "defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). But when a plaintiff does challenge a defendant's amount in controversy estimates, the defendant bears the burden of establishing that the amount in controversy requirement is met by a preponderance of the evidence. *Id.* at 553–54; *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013). "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra v. Manheim Investments,*

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 17-01826 AG (KKx) | Date | November 7, 2017 |
|----------|------------------------|------|------------------|

| Title | EDWARD ANDRADE v. NATURE'S BEST ET AL. |
|-------|----------------------------------------|

*Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997)). The parties may then also use "reasonable assumptions." *Id.* at 1198.

Further, Congress, in 28 U.S.C. § 1331, has authorized district courts to exercise jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." This is commonly referred to as "federal question jurisdiction."

## 4. ANALYSIS

Plaintiff argues that remand is proper because this Court doesn't have jurisdiction to hear his claims based on CAFA or federal question jurisdiction.

### 4.1 Original Jurisdiction under CAFA

The parties' dispute over whether this Court has jurisdiction under CAFA concerns only the $ 5 million amount in controversy requirement. Defendants argue that they met their burden because they produced some evidence about the amount in controversy, while Plaintiff submitted nothing. On the other hand, Plaintiffs contend that Defendants bear the burden of proof, and since their only evidence is inadmissible, they cannot meet that burden.

Before turning to the parties' evidentiary arguments, the Court makes a few observations about the complaint. First, the complaint doesn't include a full statement of damages. Second, it doesn't establish the number of class members, or the number of class members for each claim. Although the complaint alleges Defendants had policy of violation regarding certain claims, this doesn't mean that Plaintiff alleges Defendants violated the law on those claims every single time they could. *See Ibarra*, 775 F.3d at 1198–99 ("We agree with the district court that a 'pattern and practice' of doing something does not necessarily mean always doing something."). So the complaint doesn't establish the extent of Defendants' potential exposure, meaning that Defendants must satisfy their burden of proof to survive remand.

The problem is that Defendants' only evidence is Mallot's supplemental declaration.

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 17-01826 AG (KKx) | Date | November 7, 2017 |
|---|---|---|---|
| Title | EDWARD ANDRADE v. NATURE'S BEST ET AL. | | |

Defendants argue that the Court should consider this evidence because the Ninth Circuit specifically said parties could submit "summary-judgment-type evidence" "including affidavits or declarations." *See Ibarra*, 775 F.3d at 1197. But there are limits to the evidence summary judgment may be based on. "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). And at a most basic level, declarants must only state facts that are within their personal knowledge.

Here, though, the numbers Mallot mentions don't appear to be based on his own personal knowledge. What Mallot seems to state is that (1) Defendants keep employee records in the ordinary course of business; (2) Mallot is likely familiar with the records ("likely" because the sentence isn't clear); (3) human resources employees, in preparation for mediation with Plaintiff, gathered employee records and prepared a spreadsheet reflecting those records; and (4) the human resources employees gave the spreadsheet and the records to Mallot and Defendants' counsel in this litigation. (*See* Dkt. No. 12-1.)

The employee records by themselves would likely be admissible under the business records exception to the hearsay rule. *See* Fed. R. Evid. 803(6). But Defendants aren't offering those records. And nothing in Mallot's declaration shows that he examined those records at all, let alone closely enough to check the numbers in his declaration. Mallot's assertions appear to come from the spreadsheet that other employees prepared in the context of litigation, without the underlying records being available to Plaintiff or the court. In short, Mallot's numbers are based on two levels of hearsay, with an exception applying to only one of them, and they don't reflect his own knowledge. Under these circumstances, Mallot seems a particularly odd choice for a declarant. Human resource employees would have had direct knowledge of the records or at least experience dealing with Defendants' payroll, termination procedures, etc. Their declarations would have been admissible, a fact Defendants must have been aware of, because all but one case they cite about jurisdiction evidence involve declarations signed by human resources employees. (Opp'n, Dkt. No. 12 at 3–5.) Regardless, Mallot's declaration is inadmissible evidence.

Still, Defendants argue that they met their standard because they submitted some evidence

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 17-01826 AG (KKx) | Date | November 7, 2017 |
|---|---|---|---|
| Title | EDWARD ANDRADE v. NATURE'S BEST ET AL. | | |

where Plaintiff submitted none. The Supreme Court and the Ninth Circuit have indeed mentioned "both parties" submitting evidence. *Dart*, 135 S. Ct. at 554; *Ibarra*, 775 F.3d at 1199. But neither court has said that both parties *have to* submit evidence, and in fact, the Ninth Circuit specifically avoided deciding whether plaintiffs have to submit evidence to challenge defendants' evaluation of the amount in controversy. *See Ibarra*, 775 F.3d at 1199–1200.

What's more, the situation here isn't one where defendants have offered some admissible evidence, and plaintiffs say that evidence is insufficient while offering no evidence of their own. Here, Defendants' only timely evidence is inadmissible. This is really closer to a situation where neither side has offered any evidence.

This outcome is quite curious since Defendants removed, when litigation had already been ongoing for over two years; Defendants have access to the information about their employees; Defendants seeminlgy understood the burdens of proof at different stages; and Defendants apparently knew that declarations from human resource employees would have been admissible. At any rate, Defendants bear the burden of establishing the amount in controversy and this Court's jurisdiction. The absence of admissible evidence therefore weighs against them and against the Court exercising jurisdiction.

Because the Court concludes Defendants haven't satisfied their burden to establish original jurisdiction under CAFA, the Court need not address the parties' Local Controversy Exception argument.

### 4.2 Federal Question Jurisdiction

Defendants assert that Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act and Section 7 of the National Labor Relations Act ("NLRA" for short) because "many potential class members were covered by a collective bargaining agreement." (Notice of Removal, Dkt. No. 1 ¶ 41–43.) But Plaintiff's claims are all brought under state law, and Defendants haven't produced any evidence to show any of them substantially depends on an analysis of a collective bargaining agreement. Therefore, the Labor Management Relations Act doesn't preempt Plaintiff's claims. *See Burnside v. Kiewit Pac.*

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 17-01826 AG (KKx) | Date | November 7, 2017 |
|---|---|---|---|
| Title | EDWARD ANDRADE v. NATURE'S BEST ET AL. | | |

*Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007); *see also Placencia v. Amcor Packaging Distribution, Inc.*, SACV 14-00379 AG (JPRx), 2014 WL 2445957, *2 (C.D. Cal. May 12, 2014). And under clearly established Ninth Circuit precedent, "state law actions claimed to be preempted by sections 7 and 8 of the NLRA are not removable to federal court." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1400 (9th Cir. 1988).

But Defendants' opposition seems to raise another argument. Because class action representatives purport to represent their coworkers, Defendants contend, Section 9 of the NLRA, on the adjudication of the selection of employee representatives for collective bargaining, governs who should be selected as class representative. And, Defendants continue, the Ninth Circuit hasn't said whether removal based on supposed Section 9 preemption is appropriate.

The comparison Defendants attempt to draw between class representatives and collective bargaining representatives is unpersuasive. Accepting Defendants' reasoning would lead to absurd results. State courts could never hear wage and hour class actions based on their own state laws whenever collective bargaining agreements exist (even if they would have little or no impact on the rights involved in the case)—just because class representatives would have to be selected. This would be inconsistent with the premises of federal court jurisdiction. In short, all of Defendants' federal question jurisdiction arguments fail also.

## 5. DISPOSITION

The Court GRANTS Plaintiff's motion to remand. (Dkt. No. 11.)

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |